IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYRON WARD,<br>    Plaintiff,<br><br>vs.<br><br>KNOX McLAUGHLIN GORNALL &<br>SENNETT,<br>RICHARD A. LANZILLO, ESQ.,<br>NEAL R. DELVIN, ESQ.,<br>BRYAN G. BAUMANN,<br>LORIE WATSON,<br>    Defendants. | 08-43 E<br><br>RECEIVED<br><br>FEB 11 2008<br><br>CLERK, U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |

LEGAL MALPRACTICE FOR ATTORNEY NEGLIGENCE

AND NOW, comes the Plaintiff, Myron Ward, pro se, and files the following complaint for Malpractice for his attorney's negligence. Plaintiff ask This Honorable Court to liberally construe this complaint.

### PARTIES

1) Plaintiff, Myron Ward, is an adult individual, at all times relevant hereto was a citizen of the United States and committed as a prisoner to the custody of the U.S. Attorney General, whom at all times relevant to this action was a resident of the Federal Bureau of Prisons, Federal Correctional Center - Petersburg, P.O. Box 1000, Petersburg, VA 23804.

2) Defendant Knox McLaughlin Gornall & Sennett, was at all times relevant hereto, the law firm representing plaintiff and the employer of the individual defendnats. Located at 120 West Tenth Street; Erie, PA 16501-1461.

3) Defendant Richard A. Lanzillo, is an adult individual and attorney working for Knox McLaughlin Gornall & Sennett, and at all times relevant hereto, was the lead attorney in plaintiff's case.

4) Neal R Delvin, is an adult individual and attorney working for Knox McLaughlin Gornall & Sennett, and at all times relevant hereto, was a attorney working under Mr. Lanzillo in plaintiff's case.

5) Bryan G. Baumann, is an adult individual and attorney working for Knox McLaughlin Gornall & Sennett, and at all times relevant hereto, was an attorney working under Richard Lanzillo in plaintiff's case.

6) Lorie Watson, is an adult individual and paralegal working for Knox McLaughlin Gornall & Sennett, and at all times relevant hereto, was an paralegal working under Richard Lanzillo in plaintiff's case.

## JURISDICTION

7) This Court has jurisdiction of this matter pursuant to Title 28 U.S.C. §1391(a)(2).

## FACTS

8) On or about January 20, 2004, Plaintiff filed a pro se complaint pursuant to Title 28 U.S.C. §1331(a) & 1361, Case No. 1:04-CV-00011 Ward vs. Lamanna, et al.

9) On or about August 17, 2004 the Defendants filed a Motion to Dismiss.

10) On or about September 27, 04 Plaintiff filed his Brief

-2-

in opposition to Defendants' Motion to Dismiss

10) On February 10, 2005, Chief U.S. Magistrate Judge, Susan Paradise Baxter issued a Report and Recommendation recommending dismissal of some claims and that some claim survive this dismissal which was adopted by District Judge Sean J. McLaughlin on April 1, 2005.

11) The claims that survived Summary Judgement were: Eighth Amendment deliberate indifference claim; Fifth Amendment claim and First Amendment Retaliation Claim.

12) On or about November 9, 2005 a fee agreement was accepted by Myron Ward to allow Knox McLaughlin Gornall & Sennett, P.C., by Richard Lanzillo to represent him in Bivens/1983 Complaint mentioned above.

13) Plaintiff's newly-appointed counsel then filed a Second Amended Complaint on January 20, 2006, adding the United States of America as a Defendant. Plaintiff informed Defendants Lanzillo, Watson and Delvin in their initial phone conference that he just had the same Count dismissed by the Court.

14) Plaintiff's counsel restated his Eighth Amendment claim but dropped his Retaliation and Fifth Amendment Claims without plaintiff's approval or even consulting with him.

15) Defendants failed to investigate and take depositions of corroborating witnesses after plaintiff and co-plaintiffs stressed the importance of these witnesses. Even after Defendant

-3-

Lanzillo and Defendant Watson assured him that they would.

16) Defendants failed to hire an investigator to locate these witnesses after being told by the Government that they were not available. Nor did they bring this to the Court's attention.

17) On November 15, 2006 an order was granted for Plaintiff to take a medical examination by the Biven's case Defendants expert in Pennsylvania.which did take place.

18) Trial was set for March of 2007.

19) On February 2, 2007 the Biven's Defendants filed for Summary Judgement/Motion to Dismiss Amended complaint.

20) Plaintiff was told by the current Defendants that he had a Medical Expert also but he was never examined by this expert.although he was in Pennsylvania by writ for over 4 months.

21) Defendants knew that Plaintiff did not have a expert medical report ready but did not request for an extension to file a response to Bivens Defendants' Summary Judgement Motion until two (2) days prior to the due date of this response.

22) The request for this extension was denied.

23) It is basic legal knowledge that asking for an extension of time two (2) days prior to a due date will most likely be denied especially since defendants knew when this Summary Judgement was file that Plaintiff would not have a Expert Medical Report prepared in time.

-4-

24) Plaintiff was in Pennsylvania by writ regarding the Bivens case for over four (4) months. He wrote the Defendants several times and family members called. several times requesting that defendants come to see plaintiff.

25) Defendants Lanzillo and Delvin came to see plaintiff once the entire (4) months.

26) Defendants did not take any affidavits of the plaintiff to dispute the Bivens Defendants the entire case, not one.

27) The Defendants' performance fell below reasonable standards for law firms/attorneys.

28) On February 23, 2007 Magistrate Judge Baxter issued a final Report and Recommendation, recommending that the Bivens Defendants' motion for summary judgement/motion to dismiss be granted.which was adopted by the District Court Judge.

29) Judge Baxter in her Report And Recommendation said that Plaintiff's attorney has offered very little more than that which was discussed in the Report And Recommendation filed before discovery was accomplished.

### COUNT 1

30) Plaintiff incorporates the allegations contained in paragraphs 1 through 29 of this complaint.

31) The defendants, individually and in conjunction with one another, represented plaintiff in his §1983/Bivens Complaint.

-5-

32) Defendants had a duty to protect plaintiff's interest by reasonable standards for law firms/attorneys and in conformity with the laws of the Pennsylvania Supreme Court and the Professional Codes of Conduct under the State of Pennsylvania.

33) Defendants filed incomplete and ineffective briefs.

34) Defendants failed to complete discovery.

35) Defendants failed to meet deadlines.

36) Defendants did not have the legal knowledge, skill, thoroughness and preparation reasonably necessary for prison litigation.

37) As a direct result of Defendants negligence, Plaintiff's §1983/Bivens Complaint was dismissed one week before trial and but for defendants' negligence, plaintiff's case would have proceeded to trial or settlement.

38) Pursuant to Title 28 U.S.C. 1391(a)(2) the defendants are liable for their malpractice/negligence.

WHEREFORE, The plaintiff, Myron Ward, pro se respectfully request judgement in his favor against the defendants for compensatory damages, punitive damages, interest and such other relief as This Court deems appropriate.

Respectfully submitted,

*Myron Ward* 2/4/08
Myron Ward pro se
FCC Petersburg Low
P.O. Box 1000
Petersburg, VA 23804